# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| Matthew Davis, Thayne Telquist, Joshua Frech, Joseph Gladden, Freeman Nixon, Justin Cikity, Travis Stantz, Heath Underwood, Heather Swinehart, Christopher Brunk, Michael Haines, Paul Webb, Ronald Barnes, Charles Hamilton, Jack Shay, Shermon Bond, Nolan Goodman, Paul Garneret, Marijan E. Grogoza, John Meyer, Ronald Packer, James Reed, Philip Messer | CASE NO: <br><br> JUDGE: |
| c/o Michael Piotrowski, Esq.<br>2721 Manchester Road<br>Akron OH  44319 | **COMPLAINT** |
| Plaintiffs, | |
| v. | |
| City of Mansfield, Ohio<br>c/o Timothy Theaker, Mayor<br>30 North Diamond Street<br>Mansfield OH  44902 | |
| and | |
| Lori A. Cope, in her official capacity as<br>Safety-Service Director<br>c/o City of Mansfield<br>30 North Diamond Street<br>Mansfield OH  44902 | |
| Defendants. | |

1

NOW COMES the Plaintiffs, individually and by and through counsel, and file this Plaintiff's Original Complaint.

## I. SUMMARY

Defendant City of Mansfield (hereinafter "City") is an Ohio Municipality. Defendant City employed the Plaintiffs in the Mansfield Police Department as Patrolmen, Captains, and Lieutenants.  For the past three years, Defendant City has not paid correct overtime pay as required by the Fair Labor Standards Act ("FLSA").

The Defendant City's method of calculating overtime wages violates the FLSA because it fails to include all of the Plaintiffs' contractually guaranteed wage augments in their "regular rate" of pay, the rate to which the FLSA's time and a half overtime multiplier is applied.  The Defendant City and Defendant Safety-Service Director failed to include sick leave bonus pay, uniform allowance, Holiday Pay and shift differential in the regular rate of pay used to calculate the overtime rate of pay.  In addition the City has used payroll codes to move hours from pay periods wherein the hours would have been overtime subject to the requirements of the FLSA to pay periods where the hours were not overtime thereby denying the Plaintiffs overtime pay to which they were entitled under the Fair Labor Standards Act.

Over the past three (3) years Plaintiffs have routinely worked over one hundred seventy-one (171) hours in any 28 day period.  Working over the above-referenced thresholds entitles the Plaintiffs to FLSA overtime compensation in accordance with the terms of the Collective Bargaining Agreement between the Defendant City and the Union representing the Plaintiffs. In addition, the Fair Labor Standards Act requires

overtime payments at the same thresholds. In addition to paying the wrong rate the Defendant would avoid paying overtime rates entirely by moving hours from pay periods where overtime was required to those where no such overtime obligation existed.

Defendant City would routinely pay the Plaintiffs at an overtime rate that did not take into account the wages paid to the Plaintiffs as sick leave bonus pay, uniform allowance, holiday pay and shift differential. The failure to pay the Plaintiffs at one and one half times the regular rate for all overtime hours is a clear and unambiguous violation of the FLSA.

For these reasons, Plaintiffs seek unpaid wages, statutory liquidated damages, attorney fees, and all other relief permitted under the Fair Labor Standards Act.

## II. JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

2. Venue is proper in this court because all of the actions complained of took place in Richland County, Ohio within the Northern Judicial District of Ohio's Eastern Division.

## III. PARTIES

3. Plaintiffs bring this action on behalf of themselves and others similarly situated to require Defendants to pay back wages owed to Plaintiffs, which Defendants failed to pay in violation of § 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, et seq. ("the Act").

4. Plaintiffs are current and former employees of the Defendant City of Mansfield Police Department, all addresses are listed for the purposes of public record of this Court as care of their attorneys, Michael Piotrowski and Gwen Callender.[1]

5. The Plaintiffs at all times relevant hereto were each an "employee" as that term is defined by 29 U.S.C. §203(e).

6. Defendant Lori A. Cope is the Service-Safety Director for Defendant City and issued in her official capacity for damages, liquidated and otherwise. On information and belief Defendant Cope is acting under the policies, procedures and practices of Defendant City. The Service-Safety Director for Defendant City is responsible, in part, for carrying out policies established by Ordinance and Ohio Revised Code, for giving full support to the Mayor, and to cooperate with Council in administering its legislation and ordinances.

7. Defendant City of Mansfield is a municipal corporation. The City of Mansfield is an "employer" within the meaning of FLSA and is subject to the FLSA under the 1985 Amendments to the Act., 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

8. Plaintiffs bring this action on behalf of themselves pursuant to 29 U.S.C. § 216(b). Plaintiffs are current and former employees of Defendant City and are individuals who were, or are, employed by Defendants in the Police Department.

[11] See O.R.C. §§2921.24 and 2921.25.

## IV. FACTUAL ALLEGATIONS

9. Defendant City is legally obligated to pay the Plaintiffs who work overtime "at a rate not less than one and one-half times the regular rate at which he is employed" pursuant to 29 U.S.C. §207(a)(1).

10. The FLSA defines the "regular rate" in 29 U.S.C. §207(e) as including "all remuneration for employment paid to, or on behalf of, the employee."

11. During the past (3) three years, Defendants paid Plaintiffs a base hourly rate for all hours worked. This amount is supplemented by certain wage augments (remuneration) paid in addition to the base wage rate including shift differential, uniform allowance, holiday pay, and sick leave bonus pay.

12. These wage augments are forms of remuneration that the FLSA requires be included in the regular hourly rate before calculating the overtime rate (regular rate times one and one-half) due for all overtime hours.

13. During the last three years, the Plaintiffs regularly worked in excess of eight hours in any twenty-four hour consecutive period and/or in excess of 171 hours in any 28 consecutive day period.  Under the FLSA and the applicable collective bargaining agreement the Plaintiffs were entitled to be paid the "FLSA overtime rate" for all of those excess hours.

14. The Defendants failed to include remuneration received by the Plaintiffs from the Defendants' in terms of shift differential, uniform allowance, holiday pay, and sick leave bonus pay and other regular elements of compensation in the Plaintiffs' base hourly rate for purposes of determining overtime.

15.  The Defendants have failed to pay overtime rates for overtime hours worked in some pay periods by coding those hours as "work no pay" and then paying those hours in later pay periods that did not trigger the FLSA overtime requirement.

## V. STATEMENT OF THE CLAIMS

16. Plaintiffs repeat and incorporate all the allegations of this Complaint, as if fully set forth herein.

17. Because they did not include the wage augments in the regular rate the Defendants failed to pay the Plaintiffs one-and-one-half times their regular hourly rate of pay for each overtime hour worked as required by § 207 (e) of the Act.

18.  The employer failed to pay overtime rates for hours coded as "work no pay" by transferring those hours, in some cases, to other pay periods.

19. These practices violate the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* As a result of these unlawful practices, Defendants paid Plaintiffs less than the wages required by the Act.

20. The Defendants have no good faith or reasonable ground for believing that they were justified in failing to include the various additional elements of compensation in the regular rate for purposes of calculating overtime in work periods during which the plaintiffs worked in excess of one hundred seventy-one (171) hours in a twenty-eight (28) consecutive day work period.

21. Defendant City of Mansfield is aware of its obligation to include certain wage augments in the regular rate as a result of a similar complaint relating to the calculation of the overtime rate pursuant to the Act for employees of the Mansfield Police Department being resolved in 1998.

22. In 1998 the Defendant City of Mansfield issued retroactive paychecks to employees of the Mansfield Police Department and the Mansfield Fire Department compensating certain employees for FLSA overtime that it had improperly calculated by not including wage augments in the regular rate.

23. Defendant City willfully and intentionally violated the FLSA by not including wage augments in the regular rate for the Plaintiffs and by failing to pay the overtime rate for "work no pay" hours.

**VI. PRAYER FOR RELIEF WHEREFORE**, Plaintiffs demand:

1. Judgment against Defendants for an amount in excess of Fifty-Thousand Dollars ($50,000) and equal to Plaintiffs' unpaid back wages at the correct overtime rate for each hour worked over 171 in any 28 day period in the 3 years immediately preceding the filing of this action;

2. Judgment against Defendants that their violations of the FLSA were willful;

3. An equal amount to the wage damages as liquidated damages;

4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;

5. All costs incurred and reasonable attorney's fees for prosecuting these claims;

6. For such further relief as the Court deems just and equitable.


Respectfully submitted,


/s/ Michael W. Piotrowski_____
MICHAEL W. PIOTROWSKI (0063907)
2721 Manchester Road
Akron OH 44319
(330) 753-7080  (330) 753-8955 Fax
ohiofoplawyer@me.com


__/s/ Gwen Callender_____
GWEN CALLENDER (0055237)
222 East Town Street
Columbus, Ohio 43215
(614) 224-5700  (614) 224-5775
gcallender@fopohio.org

ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

A copy of the foregoing Complaint has been mailed this 12th day of December, 2016 by regular first class, U.S. mail, postage prepaid to the Defendants as listed below:

Timothy Theaker, Mayor
City of Mansfield
30 N. Diamond Street
Mansfield, OH 44902

Lori A. Cope, Safety Director
City of Mansfield
30 N. Diamond Street
Mansfield, OH 44902

/s/ Michael W. Piotrowski
MICHAEL PIOTROWSKI