**SETTLEMENT AND RELEASE AGREEMENT**

Matthew Davis, Thayne Telquist, Joshua Frech, Joseph Gladden, Freeman Nixon, Justin Cikity, Travis Stantz, Heath Underwood, Heather Swinehart, Christopher Brunk, Michael Haines, Paul Webb, Ronald Barnes, Charles Hamilton, Jack Shay, Sherman Bond (AKA JB Bond), Nolan Goodman, Paul Garneret, Marijan E. Grogoza, John Meyer, Ronald Packer, James Reed, and Philip Messer Jr., ("Plaintiffs") and the City of Mansfield ("Mansfield") and Lori A. Cope, in her official capacity as Safety-Service Director ("Cope") (Mansfield and Cope collectively, the "Defendants") (Plaintiffs and Defendants collectively, the "Parties") enter into this Settlement and Release Agreement ("Agreement") to resolve all of their disputes, including those that have been or could have been asserted in federal or state court asserting any claim released in this Agreement and including any claims under the Fair Labor Standards Act or the Ohio Minimum Fair Wage Standards Act (the "Litigation"). Accordingly, the Parties agree to the following terms:

**1.** **Payment by Mansfield**. In consideration for the promises Plaintiffs have made in this Agreement, Mansfield agrees to pay Plaintiffs and their attorneys the total gross sum of $63,260.00 (the "Settlement Payment"), apportioned as follows:

> (a) Mansfield will pay each plaintiff the gross amount as listed in Appendix 1 to this Agreement in full satisfaction of Plaintiffs' claim for overtime wages. Mansfield will issue this payment through payroll as a separate check after deductions as required by law and will similarly make all employer contributions as required by law.

> (b) Mansfield will pay to Plaintiffs' attorneys, Michael Piotrowski and Gwen Callender, $9,500.00, in full satisfaction of Plaintiffs' claims for costs and attorneys' fees. Mansfield will issue an IRS Form 1099 MISC to Michael Piotrowski and Gwen Callender, as required by law.

Mansfield and/or its insurer will send the Settlement Payment to Plaintiffs' attorneys within sixty (60) business days after Mansfield receives a fully executed copy of this Agreement and each plaintiff has executed his or her release, or the Court approves the settlement, whichever is latest. Except as otherwise provided herein, Plaintiffs will be solely responsible for paying any amounts due to any governmental taxing authority as a result of the Settlement Payment. Plaintiffs also agrees to indemnity and hold Defendants harmless from any and all tax liability or penalties incurred as a result of any and all claims, demands, or causes of action against Defendants for failure to withhold taxes from the Settlement Payment. Plaintiffs will also indemnify and hold harmless Defendants and the "Released Parties" (as defined herein), from any and all federal or state liability arising from any bankruptcy proceeding or bankruptcy case pending in the United States Bankruptcy Court in which any plaintiff is a debtor. Nothing in this Agreement shall be construed to impose liability against Plaintiffs for any employer-side tax obligations.

Plaintiffs acknowledges that they have not relied upon any advice from Defendants and/or their attorney as to the allocation of the Settlement Payment for tax or any other purposes, or regarding tax withholding or the ultimate taxability of the Settlement Payment, whether pursuant to federal, state or local income tax statutes or otherwise. Plaintiffs acknowledge and agree that they are solely responsible

for paying any attorneys' fees and costs that they have incurred and that neither Plaintiffs nor their attorneys will seek any further award of attorneys' fees or costs from Defendants, except as provided in this Agreement.

      **2.**      **Mutual Release Of Claims**. Plaintiffs, on behalf of themselves, their heirs, executors, administrators, and assigns, knowingly and voluntarily waive and release Defendants, and each of their affiliates, subsidiaries, divisions, insurers, successors, assigns, and current and former employees, attorneys, officers, directors and agents (collectively referred to throughout the remainder of this Agreement as the "Released Parties"), from any and all claims relating to FLSA violations, known and unknown, that Plaintiffs have or may have against the Released Parties as of the date of execution of the Agreement. This release is comprehensive and includes any claim relating to violations of the FLSA that Plaintiffs could assert against Defendants based upon acts or omissions that occurred, or that could be alleged to have occurred, before Plaintiffs executes this Agreement. This release is comprehensive and includes any claim Defendants could assert against Plaintiffs based upon acts or omissions that occurred, or that could be alleged to have occurred, before Defendants execute this Agreement.

      **3.**      **Stipulation as to Judicial Approval of Settlement**. The Settlement payment is in full accord, satisfaction, and final compromise and settlement of any and all claims, demands, actions, causes of action, suits, damages, losses, costs, attorneys' fees and expenses, of any and every nature whatsoever that relate to FLSA violations, known or unknown, including, any and all FLSA claims which Plaintiffs may have or claim to have relating to Plaintiffs' employment with Mansfield. Plaintiffs specifically acknowledge that there is a dispute as to whether they were properly compensated for overtime pursuant to the Fair Labor Standards Act ("the FLSA") and the Ohio Minimum Fair Wage Standards Act; accordingly, Plaintiffs acknowledge, stipulate and herby certify that the amount payable under this Agreement includes and represents payment for all wages, liquidated damages, attorneys' fees, or other amounts Plaintiffs claim to be owed to them by operation of the FLSA or Ohio law. If Plaintiffs or anyone else subsequently challenges the validity of any part of the release or any other part of this Agreement, Plaintiffs will cooperate to take any reasonable step necessary to ensure that a complete release of all claims was/is legally effected.

      **4.**      **Confidentiality and Non-Disparagement.**

      a. Plaintiffs agrees that, unless they are compelled to do so by law, they will not disclose to any other person any information regarding the existence or substance of this Agreement, except that they may discuss the terms of this Agreement with their financial advisor, or an attorney with whom Plaintiffs choose to consult regarding their consideration of this Agreement, provided that any such individual agrees to keep that information strictly confidential and disclose it to no other person. Plaintiffs affirm that they have not made any prior disclosures that, if made after signing this Agreement, would have violated this obligation of confidentiality. If Plaintiffs are asked about any claims they may have against Defendants, or the Litigation, it shall not be a breach of this Paragraph for them to say that "the parties have resolved their differences amicably" or "the matter is resolved." Plaintiffs agree not to disparage or say or write negative things about Defendants, their officers, directors, agents, or employees.

b. Defendants, unless required by law, will not disclose to any other person any information regarding the existence or substance of this Agreement, except that they may discuss the terms of this Agreement with persons within Mansfield with a need to know, their tax advisors, insurers or attorneys with whom they choose to consult regarding this Agreement, provided that any such individual agrees to keep that information strictly confidential and disclose it to no other person except as necessary to effectuate the terms of this Agreement. If Defendants are asked about any claims Plaintiffs may have against them, or the Litigation, it will not be a breach of this Paragraph for them to say that "the parties have resolved their differences amicably" or "the matter is resolved." Defendants and their officers, directors, agents, or employees agree not to disparage or say or write negative things about Plaintiffs.

**5.** **Interpretation**. Should any court of competent jurisdiction declare any provision of this Agreement unenforceable, all other provisions of this Agreement shall not be affected and will remain enforceable. The Parties agree that they have fully negotiated the terms of this Agreement and that its terms, provisions, and conditions shall not be interpreted or construed against either party.

**6.** **No Admission of Wrongdoing**. The Parties have entered into this Agreement solely to resolve disputed claims based on disputed facts and allegations and to avoid the costs and risks of litigation. Neither the fact of this Agreement nor any of its parts shall be construed as an admission of wrongdoing, liability, or that any fact or allegation asserted by either Party was true.

**7.** **Amendment**. This Agreement may not be modified except through a written document, signed by an authorized representative of each of the Parties, in which the Parties expressly agree to modify it.

**8.** **Entire Agreement**. This Agreement sets forth the entire agreement and understanding between the Parties and supersedes any prior oral or written agreements or understandings between them regarding its subject matter. The Parties acknowledge that they have not relied on any representations, promises, or agreements of any kind made to the other in connection with their respective decisions to make this Agreement, except for those set forth in this Agreement. This Agreement may be executed in one or more counterparts, all of which together shall constitute one Agreement, and each of which separately shall constitute an original document.

THE PARTIES, EACH REPRESENTED BY COUNSEL, UNDERSTAND THAT ONCE THEY SIGN BELOW, THIS DOCUMENT WILL BECOME A LEGALLY ENFORCEABLE AGREEMENT UNDER WHICH THEY WILL BE GIVING UP RIGHTS AND CLAIMS THEY MAY HAVE, ON THE TERMS STATED IN THIS AGREEMENT.

**PLAINTIFF**

Date: _____   By: _____

Printed: _____

**DEFENDANT**

Date: _____   By: _____

Lori Cope, Safety-Service Director, in her official capacity and on behalf of the City